LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-01645-BRO (RAO) | Date | October 14, 2016 |
|---|---|---|---|
| Title | JUAN GARCIA V. WAL-MART STORES, INC., ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

**ORDER RE: PLAINTIFF'S MOTION TO REMAND**
**[19]**

## I.     INTRODUCTION

Pending before the Court is Plaintiff Juan Garcia's ("Plaintiff") Motion to Remand. (Dkt. No. 19 (hereinafter, "Mot.").)  After consideration of the papers filed in support of and in opposition to the instant Motions, the Court deems these matters appropriate for decision without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand.

## II.     BACKGROUND

### A.     Factual Background

On July 28, 2016, Defendant Wal-Mart Stores, Inc. filed a Notice of Removal in this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  (*See* Dkt. No. 1 (hereinafter, "Removal").)  Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), is and was a Delaware corporation licensed to do business in California. (Dkt. No. 1-1, Ex. A, at 39–68, (hereinafter, "FAC") ¶ 4–5.)  Plaintiff Juan Garcia ("Garcia"), who resides in the County of San Bernardino, California, (*id*. ¶ 3), worked as a non-exempt hourly employee for Defendant's distribution center, (*id* . ¶ 16).  Plaintiff brings this matter as a class action on behalf of similarly situated non-exempt hourly employees of Defendant's Wal-Mart Distribution Center ("WDC employees").  (*Id*.)  In bringing the action, Plaintiff seeks to represent the following six classes: (1) The "Overtime Class"; (2) The "Meal Break Violation Class"; (3) The "Rounding Class";

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-01645-BRO (RAO) | Date | October 14, 2016 |
|---|---|---|---|
| Title | JUAN GARCIA V. WAL-MART STORES, INC., ET AL. | | |

(4) The "Off the Clock Class"; (5) The "Pay Stub Class"; (6) The "Waiting Time Penalty Class." (FAC ¶ 17.) Plaintiff further seeks to represent the following three subclasses: (1) The "Short Shift O.T. Class"; (2) The "Second Meal Period Class"; (3) The "Meal Period Waiver Subclass." (*Id.*)

      Plaintiff alleges that beginning on an unknown date (but before four years prior to the filing of this actions) Wal-Mart engaged in a pattern and practice of acts of unfair competition against Plaintiff and several other, similarly situated WDC employees in violation of several state laws. (*Id.* ¶ 24.) Furthermore, Plaintiff pleads that per Wal-Mart's company policy, similarly situated WDC employees were scheduled to work in excess of eight our shifts per day and in excess of forty hours per week without receiving a proper overtime premium. (*Id.* ¶ 27.) Plaintiff avers that Wal-Mart did not provide employees with duty-free meal periods within the first five hours of their shift. (*Id.* ¶ 31.) According to Plaintiff, Wal-Mart discouraged employees from taking 30-minute meal breaks and deducted 30-minute meal breaks from employees' pay regardless of whether employees took meal breaks. (*Id.* ¶ 68.) Additionally, Plaintiff maintains that Wal-Mart did not provide a second meal break to employees who worked in excess of ten hours. (*Id.* ¶ 31.)

      Plaintiff claims that Wal-Mart required non-exempt employees who had clocked out for lunch or at the end of their shift, to stand in line and have their bags checked before leaving the workplace. (*Id.* ¶ 32.) Similarly, Wal-Mart allegedly required non-exempt employees to stand in line and have their bags checked before clocking-in. (*Id.* ¶ 32.) Furthermore, Plaintiff alleges that non-exempt employees were either never paid any premium compensation or paid significantly less than premium compensation for work completed in excess of four hours per pay period and/or eight hours per day. (*Id.* ¶ 46.) Plaintiff avers that Wal-Mart implemented a uniform company policy for rounding down the hours worked by members of the rounding class. (*See id.* ¶ 59.) Hours worked by employees were rounded down and then recorded, and Wal-Mart then paid employees based of these rounded times. (*Id.* ¶ 59.)

      Plaintiff also maintains that Wal-Mart did not provide employees with timely and accurate wage and hour statements that showed: (1) gross wages earned; (2) total hours worked; (3) all deductions made; (4) net wages earned; (5) the name and address of the legal entity employing employees; and, (6) all applicable hourly rates in effect during

Case 5:16-cv-01645-BRO-RAO Document 24 Filed 10/14/16 Page 3 of 11 Page ID #:398

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-01645-BRO (RAO)** | Date | October 14, 2016 |
|---|---|---|---|
| Title | **JUAN GARCIA V. WAL-MART STORES, INC., ET AL.** | | |

each pay period and corresponding number of hours worked each hourly rate by that employee. (*Id.* ¶ 73.)

### B. Procedural History

Plaintiff Juan Garcia originally filed this matter in the Superior Court of the State of California, County of San Bernardino on May 17, 2016. (*See generally* Dkt. No. 1-1, Ex. A, at 3–29, (hereinafter, "Compl.").) On June 21, 2016, Plaintiff submitted a First Amended Complaint. (*See generally* FAC.) After filing their answer on July 26, 2016, (*see generally* Dkt No. 1, Ex. A, at 74–81, (hereinafter, "Answer")), Defendants filed the Notice of Removal to Federal Court on July 28, 2016, (Dkt. No. 1 (hereinafter, "Removal").) Plaintiff submitted the instant Motion to Remand to State Court ("Motion") on August 29, 2016, (*see* Mot.), together with a Request for Judicial Notice, (Dkt. No. 19-3). Defendants opposed the Motion on September 26, 2016, (Dkt. No. 22 (hereinafter, "Opp'n")), and Plaintiff replied on October 3, 2016, (Dkt. No. 23 (hereinafter, "Reply")).

## III. REQUEST FOR JUDICIAL NOTICE

A Court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and, (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

A federal court may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. *Corzine v. Baker*, No. 14-15242, 2016 WL 1169800, at *2 (9th Cir. Mar. 25, 2016) (internal quotations omitted) (internal citations omitted); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). "While the authenticity and existence of a particular order, motion, pleading or

Case 5:16-cv-01645-BRO-RAO Document 24 Filed 10/14/16 Page 4 of 11 Page ID #:399

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 16-01645-BRO (RAO)** | Date | October 14, 2016 |
|---|---|---|---|
| Title | **JUAN GARCIA V. WAL-MART STORES, INC., ET AL.** | | |

judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not." *United States v. Southern California Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal 2004) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (a court may take judicial notice of another court's opinion, but not of the truth of the facts recited therein)).

Wal-Mart requests that the court take judicial notice of two documents: (1) a true and correct copy of the Notice of Removal of Civil Action to United States District Court in the matter of "*German v. Wal-Mart Stores, Inc.*;" and (2) a true and correct copy of the Declaration of Dane Englund in Support of Removal in the same action. (*See* Dkt. No. 19-3 (hereinafter, "RJN").) These documents are related to the instant case because Plaintiff uses them as a point of reference to allegedly show how Defendant is overstating the amount in controversy, and perhaps even cutting and pasting damages estimates from *German* into the instant Removal. (*See* Motion at 1; Reply at 3–4.) Moreover, Defendant also references the *German* case in a separate Declaration of Anthony Sbardellati, arguing that Wal-Mart asserted its Removal in good faith. (*See* Dkt. No. 22-1.) Because the documents are in the public record and relate to the instant case, this Court finds the documents to be appropriate for judicial notice. Accordingly, the Court **GRANTS** Plaintiff's Request for Judicial Notice as to Exhibits 1 and 2.

## IV. PLAINTIFF'S EVIDENTIARY OBJECTIONS

Plaintiff raises objections to Defendant's evidence in his Motion and Reply. In Particular, Plaintiff objects to the Declaration of Jared Egbert, (Dkt. No. 5), filed in support of Defendant's Removal, on hearsay, lack of foundation, vagueness/ambiguousness, speculation, and relevance grounds. (Dkt. No. 19-4 (hereinafter, "Objection").) Plaintiff argues that Egbert's Declaration is inadmissible because it "contains inadmissible hearsay evidence without exceptions, and lacks foundation." (Objection at 1.) Plaintiff also objects to the Supplemental Declaration of Jared Egbert in Support of Defendant Wal-Mart Stores Inc.'s Opposition to Plaintiff Juan Garcia's Motion for Remand to State Court, (Dkt. No. 22-2 ("Egbert Supp. Decl.")), on

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-01645-BRO (RAO) | Date | October 14, 2016 |
|---|---|---|---|
| Title | JUAN GARCIA V. WAL-MART STORES, INC., ET AL. | | |

vagueness/ambiguousness, hearsay, lack of foundation, and speculation grounds, (*see* Dkt. No. 23-2).

     In ruling on a motion to remand, courts "may 'view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists,' including summary judgment-type evidence." *Cardroom Int'l LLC v. Scheinberg*, No. 12–02870 MMM (AGRx), 2012 WL 2263330, at *4 n.12 (C.D. Cal. June 18, 2012) (quoting *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993)).  Plaintiff provides the Court with no authority—nor does this Court find any—to equate the "summary judgment-type evidence" discussed by courts in connection with motions to remand, with evidence actually admissible at trial (or at the summary judgment stage) pursuant to the Federal Rules of Evidence.  The Supreme Court has explained that "when a defendant's assertion of the amount in controversy is challenged," "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Johnson v. Sunrise Senior Living Mgmt., Inc.*, No. CV-16-00443-BRO-RAOX, 2016 WL 917888, at *4 (C.D. Cal. Mar. 8, 2016) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  As such, the Court **OVERRULES** Plaintiff's objections.

## V.    LEGAL STANDARD

     Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Pursuant to CAFA, a federal district court has jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant," so long as the class has more than 100 members.  28 U.S.C. § 1332(d)(2)(A), (d)(5)(B).  Generally, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart*, 135 S. Ct. at 554 (citation omitted).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-01645-BRO (RAO)** | Date | October 14, 2016 |
|---|---|---|---|
| Title | **JUAN GARCIA V. WAL-MART STORES, INC., ET AL.** | | |

"CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart*, 135 S. Ct. at 554 (quoting S. Rep. No. 109–14, at 43). As noted above, to meet the diversity requirement under CAFA, a removing defendant must show "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Thus, under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (citations omitted).

To meet the amount-in-controversy requirement under CAFA, a removing defendant must plausibly assert that the amount in controversy exceeds $5,000,000. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). This requires only a "short and plain statement" of the grounds for removal. 28 U.S.C. 1446; *Dart*, 135 S. Ct. at 553–54. This language tracks that of Federal Rule of Civil Procedure 8(a), and the Supreme Court has instructed courts to apply this same liberal pleading standard in cases of removal involving CAFA. *See Dart*, 135. S. Ct. at 553. "The 'short and plain statement' language from § 1446(a) applies to the entire notice of removal, and therefore would apply equally to all CAFA allegations and not just the amount-in-controversy requirement." *Roa v. TS Staffing Servs., Inc.*, No. 2:14-cv-08424-ODW (MRW), 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015).

Where the amount in controversy is not contested, a defendant is not required to submit evidence establishing the amount, and the amount pleaded by the defendant should be generally accepted if made in good faith. *Dart*, 135. S. Ct. at 553. But where "the plaintiff contests, or the court questions, the defendant's allegation" in its notice of removal, further evidence establishing that the amount in controversy meets the jurisdictional minimum is required. *Id.* at 554. Although no presumption against removal exists, the Court must determine, "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-01645-BRO (RAO) | Date | October 14, 2016 |
|---|---|---|---|
| Title | JUAN GARCIA V. WAL-MART STORES, INC., ET AL. | | |

## VI. DISCUSSION

Plaintiff seeks to have the instant case remanded to state court.  Plaintiff claims that Defendants have failed to meet their burden to prove jurisdiction under § 1332(d), and therefore, removal was improper.  (*See* Mot. at 1.)  For the following reasons, the Court finds that Defendants have met their burden of showing, by a preponderance of the evidence, that the jurisdictional requirements of CAFA are met in this case, and thus, remand is inappropriate.

### A.     The Minimal Diversity and Numerosity Requirements Are Met

Pursuant to CAFA, a federal district court has jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant," so long as the class has more than 100 members.  28 U.S.C. § 1332(d)(2)(A), (d)(5)(B).  For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 USC § 1332(c)(1).  When determining a corporation's principal place of business for purposes of diversity jurisdiction, courts refer to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  A corporation's principal place of business is where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination."  *Id.*

Here, the Parties do not dispute that the proposed classes number at least 100 individuals.  (*See* Removal at 3 (citing FAC ¶ 17 ("[I]t is estimated that the classes number greater than 100 individuals.")).)  Further, the minimal diversity requirement is met.  In its Removal, Defendant Wal-Mart argues that it is "a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas.  (*Compare* Removal at 5 *with* FAC ¶ 17 ("Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant, Wal-Mart Stores, Inc. is and was a Delaware corporation.")).)  Thus, the Court finds that the minimal diversity and numerosity requirements are met by a preponderance of the evidence.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-01645-BRO (RAO) | Date | October 14, 2016 |
|---|---|---|---|
| Title | JUAN GARCIA V. WAL-MART STORES, INC., ET AL. | | |

**B.    Defendant Has Established, By A Preponderance of the Evidence, that the Amount in Controversy Exceeds $5,000,000**

In his Motion for Remand, Plaintiff contends that Defendant failed to meet its burden of establishing by a preponderance of the evidence that it is more likely than not that the amount in controversy exceeds the CAFA jurisdictional amount. (Motion at 1.) In particular, Plaintiff argues that Defendant "merely provided speculative, conclusory, and self-serving calculations assumptions [sic] that are insufficient to meet its burden," and "assumes that each employee had one hour of overtime premium per day that was unpaid." (Motion at 1, 4, 7, 10–11.) Plaintiff contends that Wal-Mart assumes greater rates of violation than are supported by the allegations of the complaint. (Motion at 12–13.) For the reasons below, the Court disagrees.

At this stage, a defendant is only required to prove the amount in controversy by a preponderance of the evidence, and in so doing may calculate the amount in controversy based on *reasonable assumptions*. *See Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469-SVW, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (emphasis added) (finding that a defendant opposing a motion to remand is "not required to comb through its records to identify and calculate the exact frequency of violations"); *Salcido v. Evolution Fresh, Inc.*, No. 2:14-CV-09223-SVW-PLA, 2016 WL 79381, at *6 (C.D. Cal. Jan. 6, 2016).

In their Removal, Defendants claim that Plaintiff's allegations place over $5 million in controversy, and calculate that: (1) Plaintiff's claim for unpaid hourly wages places at least $30,780,000 in controversy, (Removal at 7); (2) Plaintiff's claim for failure to provide accurate itemized employee wage statements puts approximately $7,360,000 in controversy, (Removal at 9); and, (3) Plaintiff seeks attorneys' fees, which could be as high as $9,535,000, (Removal at 10). In view of Plaintiff's allegation that Defendant Wal-Mart was errantly assuming greater rates of violation than are supported by the pleadings, (Motion at 12–13), Defendant responded in its Opposition that, even under a more limited, particularized analysis, Plaintiff's allegations still place over $5 million in controversy. (*See* Opp'n at 14.) Defendant recalculates that: (1) The amount in controversy for the alleged unpaid overtime wages is at least $15,019,434, (Opp'n at 9); (2) The amount in controversy for the alleged non-compliant wage statements is at least $6,610,000, (Opp'n at 15); (3) The amount in controversy for attorney's fees is at least $5,407,358, (Opp'n at 17).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-01645-BRO (RAO)** | Date | October 14, 2016 |
|---|---|---|---|
| Title | **JUAN GARCIA V. WAL-MART STORES, INC., ET AL.** | | |

In his second cause of action for "Failure to Pay Overtime Compensation", Plaintiff claims that per corporate policy "*the entirety of employees*" (emphasis added) were required to work overtime without premium overtime pay. (FAC ¶ 27.) Plaintiff maintains that Plaintiff and all other similarly situated class members were and are scheduled as a matter of company policy to work and in fact worked in excess of eight hours per day. (FAC ¶ 30.) Defendant offers Egbert's analysis of pertinent Wal-Mart business records[1] as evidence that WDC employees at the distribution centers worked 1,668,826 hours in excess of eight hours per day and/or forty hours per week from May 17, 2012 through July 28, 2016. (Opp'n at 12; Egbert Supp. Decl. ¶¶ 6–7.) Wal-Mart further asserts that Defendant's information systems "separated out any excess hours that *were* compensated for over time" before reaching the 1,668,826 hours. (Opp'n at 13; Egbert Supp. Decl. ¶ 7.) And according to Plaintiff's allegations, these employees were not compensated for that overtime. (FAC ¶ 25.) Plaintiff asserts that employees are entitled to the unpaid portion of these time and a half wages.[2] (FAC ¶ 27.)

Given that employees were paid regular time wages for the overtime hours, they would be entitled to overtime compensation minus regular time compensation. Thus, Plaintiff and all others similar situated may be entitled to an additional one-half of the minimum wage owed per hour. Though Plaintiff does not indicate the class employees' minimum wage, Wal-Mart argues that based on its knowledge, average base minimum wage of WDC employees during the time periods claimed likely was $18.00 per hour. (Opp'n at 12.) Thus, Defendants allegedly owe $9.00 multiplied by 1,668,826 hours in excess of eight hours a day and/or forty hours per week worked by WDC employees. The Court calculates this number to be at least $15,019,434. Thus the amount in controversy for the second cause of action alone, without attorney's fees, exceeds the CAFA threshold.

---

[1] Jared Egbert, a Divisional Human Resource Manager for Wal-Mart, relies in his Supplemental Declaration on information he sourced from "Wal-Mart's Human Resource information systems, including particularly the electronic systems that Wal-Mart uses to create and record payroll data." (Egbert Supp. Decl. ¶ 2.)

[2] California Labor Code Section 510 states that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at a rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code § 510(a).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-01645-BRO (RAO)** | Date | October 14, 2016 |
|---|---|---|---|
| Title | **JUAN GARCIA V. WAL-MART STORES, INC., ET AL.** | | |

In view of (1) Plaintiff's capacious pleadings, (2) Defendant's arguments and calculations, and (3) Egbert's reasonable assumptions made based on his analysis of Wal-Mart's business records, the Court finds that Defendant here proved by a preponderance of the evidence that the amount in controversy exceeds $5 million.

### C. The Potential Attorneys' Fees in Connection With Plaintiff's Second Cause of Action Further Support CAFA Jurisdiction Here

Moreover, attorneys' fees are properly included in calculations of the amount in controversy where California Labor Code section 218.5 authorizes an award of attorneys' fees. *See Galt v. Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); Cal. Lab. Code § 218.5 ("In any action brought for the nonpayment of wages, . . . the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."); (*see also* Compl. ¶ 28 (seeking recovery of attorneys' fees pursuant to California Labor Code section 218.5).) Ninth Circuit cases have set twenty-five percent as the "benchmark" level for reasonable attorneys' fees in class action cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

If Defendant can establish by a preponderance of the evidence that the overtime penalties are at least $4 million dollars, the addition of twenty-five percent in attorneys' fees would necessarily meet the $5 million amount in controversy requirement under CAFA. *Cf. Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) ("Although [defendant] correctly notes that 25% recovery is the 'benchmark' level for reasonable attorney's fees in class action cases, and that such fees are properly included in calculations of the amount in controversy, [defendant] has not established by a preponderance of the evidence that the underlying amount upon which those fees would be based is at least $4 million, as would be required to meet the $5 million minimum." (internal citations omitted)).

There is thus "substantial, plausible evidence that damages at issue exceed[] $5,000,000 . . . ." *See Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (holding that the district court's conclusion that the defendant failed to prove the amount-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-01645-BRO (RAO) | Date | October 14, 2016 |
|---|---|---|---|
| Title | JUAN GARCIA V. WAL-MART STORES, INC., ET AL. | | |

in-controversy requirement was clearly erroneous).  Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.

## VII. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.  The Court hereby **VACATES** the hearing set for October 17, 2016.

**IT IS SO ORDERED.** : 

Initials of Preparer    rf