JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JUAN GARCIA, on behalf of himself and all others similarly situated and the general public,

      Plaintiff,

      v.

WAL-MART STORES, INC., a Delaware corporation; and DOES 1 to 100, inclusive,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 5:16-cv-01645 TJH (RAOx)
Hon. Terry J. Hatter
Courtroom: 9B, 9th Floor

CLASS ACTION

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; JUDGMENT**

Action Filed:  May 17, 2016
Removal Date: July 28, 2016

In accordance with the Preliminary Approval Order entered on October 31, 2025, Settlement Class Members were given notice of the terms of the Settlement and how to participate in the settlement. Settlement Class Members were given the opportunity to request exclusion, comment upon or object to the settlement or any of its terms. Having received and considered the proposed Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court in conjunction with the Motion for Preliminary Approval of Class Action Settlement and Motion for Final Approval of Class Action Settlement, the Court grants final approval of the Settlement and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

1.      Pursuant to the Preliminary Approval Order entered on October 31, 2025, a Notice describing the settlement was mailed to each of the 1715 Settlement Class Members via first-class U.S. Mail.  The Notice informed the Settlement Class of the terms of the Settlement, their right to receive their proportional share of the Settlement, of their right to request exclusion, of their right to comment upon or object to the Settlement, and of their right to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the Settlement.

2.      The Court finds and determines that this notice procedure afforded adequate protections to Settlement Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the response of the Class. The Court finds and determines that the notice to the Settlement Class as was provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

3.      The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Settlement Class and that the

1

Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

4.      The Court finds and determines that Settlement payments to be paid to all members of the Settlement Class who did not opt out are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts to those Settlement Class Members who did not opt-out in accordance with the terms of the Settlement Agreement.

5.      The Court finds and determines that the payment to be paid to the California Labor and Workforce Development Agency ("LWDA") and to allegedly Aggrieved Employees to satisfy alleged Labor Code violations pursuant to the California Labor Code's Private Attorneys General Act of 2004 ("PAGA") in the sum of $75,000.00 (75% of $100,000.00) and $25,000 to allegedly Aggrieved Employees (25% of $100,000) is fair and reasonable. The Court hereby grants final approval to and orders the payments to Labor and Workforce Development Agency and to the allegedly Aggrieved Employees in accordance with the terms of the Settlement Agreement.

6.      The Court determines that the Settlement Class Representative Payment to Settlement Class Representative Juan Garcia in the sum of $5,000_.00. This payment is determined to be reasonable and fair under the circumstances of this case and for the work performed by the Settlement Class Representative. Furthermore, the Settlement Class Representative received compensation in exchange for a full release including waiver of all Civil Code § 1542 claims that the Settlement Class Representative is providing.

7.      Plaintiff's Motion for Attorneys' Fees, Costs, and Settlement Class Representative Payment is hereby GRANTED. Plaintiff's efforts have resulted in the creation of a common fund in the amount of $2,250,000.00, and therefore awarding attorneys' fees on a percentage basis is appropriate. Plaintiff seeks 25%

of the common fund as Attorneys' Fees.  Moreover, the result obtained by Plaintiff is favorable. The average settlement award is $829.78. In view of the monetary benefit conferred on the Settlement Class, the Court finds the requested fee of 25%, or $562,500.00 for Attorneys' Fees, to be fair and reasonable.

The Court finds that Settlement Class Counsel, having conferred a benefit on Settlement Class Members and having expended efforts to secure a benefit to the Settlement Class, is entitled to a fee and accordingly, the Court approves the application of Settlement Class Counsel for $562,500.00 for their Attorneys' Fees, and up to $151,497.81 for their Litigation Expenses.

8.    Cross-checking the $562,500.00 amount against Settlement Class Counsel's lodestar confirms the reasonableness of the fee award. Settlement Class Counsel's collective lodestar is not less than $1,621,928.00, at the time of filing the approval papers seeking approval of class representative enhancement, attorneys' fees and costs filed on March 2, 2026. The hourly rates used to arrive at this figure are consistent with market rates and reasonable in light of the Settlement Class Counsel's skill, experience, and expertise. The Court is further satisfied that the number of hours expended on the litigation is reasonable.

9.    Accordingly, Plaintiff shall recover, from the common fund established by the Settlement Agreement, $562,500.00 for Attorneys' Fees Those amounts shall be paid from the Class Settlement Amount by the Settlement Administrator to Class Counsel, as follows:

Attorneys' Fees:

1.    Law Office of Joseph Antonelli:  $105,468.75

2.    Janelle Carney – Attorney at Law, APC: $105,468.75

3.    Law Offices of Kevin T. Barnes: $126,562.50

4.    Law Offices of Raphael A. Katri: $140,625.00

5.    Salusky Law Group, APC: $84,375.00

10.    The Court further approves payment of the fees and costs of the appointed Settlement Administrator Rust Consulting, Inc., of $27,110.00 for services rendered and to be rendered in connection with the completion of its duties pursuant to the terms of the Settlement.

11.    The Court further approves Settlement Class Counsels' Litigation Expenses, as follows $151,497.81

12.    Within thirty (30) calendar days following the Settlement Effective Date, Walmart shall transfer the balance of the Class Settlement Amount to the QSF.

A.    Once the final Individual Settlement Payment Amounts are known, the Settlement Administrator shall also calculate any additional amounts to be paid by Walmart for the employer's share of payroll taxes and shall provide notice to Walmart, in writing, of the amount to be transferred and an account, other than the QSF, into which to transfer such funds.  Within ten (10) business days of its receipt of such written notice, Walmart shall transfer such amount to an account other than the QSF as directed by the Settlement Administrator.

B.    The Settlement Administrator will distribute the money in the QSF by making the following payments:

1. Paying the amount awarded by the Court for Attorneys' Fees and Litigation Expenses within three (3) business days after the receipt of the funds transferred by Walmart to the QSF.

2. Paying the amount awarded by the Court for the Settlement Class Representative Payment to the Settlement Class Representative within three (3) business days after the receipt of the funds transferred by Walmart to the QSF.

3. Paying the amount awarded by the Court for the LWDA Penalty Payment to the LWDA within three (3) business days after the receipt of funds transferred by Walmart to the QSF.

4. Paying the court-approved Individual Settlement Payment Amounts to Settlement Class Members and the court-approved Individual PAGA Payments to Aggrieved Employees from the from the Net Settlement Amount within thirty (30) days after the receipt of (i) the funds transferred by Walmart to the QSF and (ii) the funds transferred by Walmart to an account other than the QSF, if necessary, for purposes of the employers' share of payroll taxes pursuant to Section 10.1.3, whichever is later.

C. Settlement Class Members and Aggrieved Employees will have 180 days from the date the settlement checks are mailed to cash or deposit their settlement checks. Thirty (30) days prior to the close of the 180-day period, the Settlement Administrator will send a reminder postcard to those Settlement Class Members and/or Aggrieved Employees who have not cashed their settlement checks.

D. At the expiration of the period for redeeming final payments, the Settlement Administrator shall advise Walmart's Counsel and Settlement Class Counsel what amount, if any, remains in the QSF. Unless otherwise provided by law, any uncashed settlement checks shall be delivered to the California State Controller's Office pursuant to the California Unclaimed Property Law in the name of the Settlement Class Member and/or Aggrieved Employee.

13. The Court retains jurisdiction over the administration and effectuation of the Settlement including, but not limited to, the ultimate disbursement to the participating Settlement Class Members and/or Aggrieved Employees, payment of attorneys' fees and costs, the enhancement award to the Settlement Class

Representative, and the claims administration expenses and other issues related to this Settlement.

14. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

15. The Court hereby enters final judgment in this case accordance with the terms of the Settlement Agreement, Order Granting Preliminary Approval of Class Action Settlement, and this Order Granting Final Approval of the Class Action and PAGA Settlement. Accordingly, subject to the foregoing, this action is hereby dismissed with prejudice, and the Released Claims (as defined in the approved Settlement Agreement) are hereby released, with the exception of any claims that may be retained by Settlement Class Members who excluded themselves from the Settlement.

Dated:   May 5, 2026

Hon. Terry J. Hatter
UNITED STATES DISTRICT JUDGE

6